The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George Glenn, II. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of Findings of Fact No. 7, Conclusions of Law No. 2 and Award No. 1.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
The parties submitted a Pre-Trial Agreement at the hearing. The same along with its attachments is incorporated herein by reference. The following parts of the said agreement is set out as follows:
1. The parties are subject to and bound by the provision of the North Carolina Workers' Compensation Act.
2. That at all relevant times herein there existed between the plaintiff and defendant-employer the relationship of employer-employee.
3. The defendant-employer is an approved self-insured.
4. That plaintiff's average weekly wage at the time the alleged incident was $396.14 per week, yielding a compensation rate of $264.09.
5. The issues to be determined are as follows:
 1. Whether plaintiff sustained an injury by accident while in the course and scope of her employment with defendant-employer?
2. If so, to what benefits is she entitled?
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff was fifty-two years old at the time of this hearing with her date of birth being 2 September 1943. She had completed high school.
2. Plaintiff began working for defendant-employer on 6 September 1994, and on 6 January 1995, she worked as a relief conveyor tuber. Her job as a tuber was to take tubes off the conveyor belt and place them onto a handtruck. The handtruck had posts onto which the tubes were placed, and the post ranged in height from 1.5 feet off the floor to over shoulder height.
3. On 6 January 1995, plaintiff had taken a 25 pound fiberglass tube off the conveyor belt and was placing it onto the handtruck. Plaintiff was placing the tube onto a post that was approximately 1.5 feet off the floor. She had to bend down and as she began placing the tube onto the post the handtruck moved. She was holding the tube in her left hand and she grabbed the handtruck with her right hand to stop it and as she did she felt a pull in her goin and hip.
4. Shortly after this incident plaintiff went on break, when she returned from break she did not lift any heavy object and this meant that she did not remove all of the tubes from the belt.
5. Plaintiff returned to work the next day and when she attempted to do her job she was in pain and she informed her supervisor that she had injured herself the day before. Plaintiff did not report the incident on 6 January 1995, because she thought that she had just pulled a muscle and that it would be alright.
6. Plaintiff's supervisor placed her on light duty until she was able to see the plant nurse. When she saw the plant nurse she was continued on light duty until such time as she was able to see Dr. Hunter G. Strader.
7. Plaintiff was seen by Dr. Strader on 10 January 1995. Dr. Strader thought that plaintiff was suffering from a pulled goin muscle but when she did not respond to his course of treatment he referred to Dr. Riggan who then referred plaintiff to Johnson Neurological Clinic.
8. Plaintiff was seen by Dr. Gregory Dean Mieden at the Johnson Neurological Clinic. Dr. Mieden diagnosed plaintiff's condition as a left hand side bulging disc at L5-S1. Dr. Mieden felt that this diagnosis fit with the complaints plaintiff had described to him and that her injury was the result of the incident plaintiff described happening on 6 January 1995, while she was in the course and scope of her employment with defendant-employer. Dr. Mieden did not feel that plaintiff's condition was one which warranted surgery. He treated her condition with medication and physical therapy.
9. Plaintiff was released on 20 August 1995, to return to work with the restrictions as set out in her Functional Capacity Evaluation.
10. Defendant did not have a position that was within the restrictions that had been placed upon her by Dr. Mieden.
11. Plaintiff is still under the treatment of her family doctor and psychiatrist.
12. Defendant has not shown that plaintiff is now presently capable of performing any job and if she is that there is a position in her community that she could obtain given her age, education and physical limitation caused by her injury.
13. Plaintiff has not reached maximum medical improvement and she may need vocational rehabilitation to assist her in obtaining other employment.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident or specific traumatic incident on 6 January 1995, while in the course and scope of her employment with defendant and said accidental injury either caused a new injury or aggravated her pre-existing condition.
2. As a result of the injury by accident plaintiff was temporarily totally disabled from 31 January 1995 through the date of this hearing and continuing until such time as she has returned to work in a position earning the same or greater wages than she was earning at the time of this accident.
2. Plaintiff's average weekly wages at the time of the accident were $396.14, yielding a compensation rate of $264.09.
3. Defendants are obligated to pay all medical expenses incurred or which will be incurred as a result of plaintiff's compensable injury that may cure or give relief or tend to lessen plaintiff's disability.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to attorney's fees hereinafter awarded, defendant shall pay to plaintiff temporary total disability benefits at the rate of $264.09 per week for the period from 31 January 1995 through the date of this hearing and continuing until such time as plaintiff has returned to work earning the same or greater wages than she was earning at the time of her injury or further orders of the Industrial Commission. All accrued compensation shall be paid in one lump sum.
2. Defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injury when bills for same have been submitted, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
3. An attorney's fee of twenty-five percent (25%) of the compensation due plaintiff herein is hereby awarded to plaintiff's counsel and shall be paid as follows: twenty-five percent (25%) of the amount due plaintiff shall be deducted and paid directly to plaintiff's attorney.
4. Defendants shall pay the costs of this action.
This the ___ day of April 1998.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR CHAIRMAN
DISSENTING:
S/ ______________________ RENÉE C. RIGGSBEE COMMISSIONER